SAMUEL, Judge
(concurring).
Clearly, by ordinance the Mayor and Board of Aldermen of the City of Kenner can require that the Marshal perform cer *320 tain duties. It is also clear that under the Lawrason Act, by ordinance or otherwise, they cannot take away any of the rights or authority of the Marshal, an elected public official who is also the Chief of Police. They can require of him only the performance of such duties as are “other” than those duties, rights and authority inherently his as Chief of Police. For LSA-R.S. 33:423 specifically provides: “The marshal shall be ex-officio a constable. He shall he the chief of police and shall perform all other duties required of him by ordinance.” (Emphasis mine). The phrase “subject to any applicable civil service law” as used, for example, in LSA-R.S. 33.401(30) has no reference to the Marshal, an elected public official not subject to civil service.
Section V of the ordinance under attack would appear to support the trial court’s conclusion. It provides that supervision of the motor patrol division, control of traffic and public safety, the directing of raids and, most important here, the making of all police personnel and division assignments are the duties of the senior Police Captain. These primarily are functions performed under the supervision and control ‘of the Chief of Police. If this section actually deprives the Marshal of control of the police department which he heads as Chief, the trial court judgment is correct insofar as the same applies to Section V. To suggest, as appellants contended in their trial court answer, that the Marshal is not prohibited from requesting the assignment of police officer personnel is no answer to the problem. For the Marshal.as Chief of Police has the inherent authority to require the performance of particular duties by his subordinates in the police department, including the senior Police Captain. As Chief of Police he is responsible for their actions and he has the right to order, not request, them to perform such duties as he •considers proper and necessary.
As I understand their conclusion, the majority is of the opinion the Marshal retains such authority under the ordinance. The conclusion is doubtful in view of the fact that the ordinance does not provide or suggest the Police Captain shall act under the supervision or control of the Marshal; indeed, the suggestion is otherwise. In my opinion, even if the majority’s conclusion is correct, the ordinance is sufficiently vague as to give rise to almost certain future litigation.
However, I do agree that Sections IV and V only purport to set out duties of the Marshal and the Police Captain; they do not specifically limit the overall duties of either or specifically limit or take away the inherent authority of the Marshal as Chief of Police. In view of the fact that the ap-pellee does not allege, and the record does not contain evidence of, any act on the part of appellants actually limiting such duties or authority under color of the ordinance, I am unable to say the conclusion of the majority is incorrect. Therefore, with some reluctance,
I respectfully concur.